UNITED STATES of America, Plaintiff, by Curtiss HINDEN, for himself as well as for the United States of America, Plaintiff–Relator, Plaintiffs,

v.

UNC/LEAR SERVICES, INC.; Lear Siegler Management Services Corp.; and Joseph A. Smith, Defendants.

No. CIV.02–00107 ACK/BMK.

United States District Court, D. Hawai'i.

March 15, 2005.

**1204**

Mark K. Haugen, Honolulu, HI, Rachel S. Moriyama, Office of the United States Attorney, Honolulu, HI, Patricia Davis, U.S. Department of Justice, Washington, DC, Michael F. Hertz, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, for United States of America.

Barbara A. Petrus, Anne T. Horiuchi, Goodsill Anderson Quinn & Stifel LLLP, Honolulu, HI, Michael J. Nardotti, Jr, T. Michael Guiffre, Patton Boggs LLP, Washington, DC, for UNC/Lear Services, Inc., Lear Siegler Management Services, Corp., UNC Lear Siegler, Inc., Joseph A. Smith, Doe Corporations 1–10, Doe Partnerships 1–10, Doe Entities 1–10, John Does 1–10, defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

KAY, District Judge.

### BACKGROUND

#### I. *Factual History*

Plaintiff–Relator Curtiss Hinden ("Plaintiff") is a former employee of Defendant Lear Siegler Services, Inc. ("Defendant"). At times relevant to this case, Defendant was engaged in contracts with the United States for the maintenance, repair, and refitting of helicopters used by the United States Army and the National Guard. In the course of his employment at Defendant's work-site located on Oahu, Plaintiff performed work on helicopters under various contracts with the United States. While working under these contracts, Plaintiff alleges that Defendant's local management directed workers, including Plaintiff, to cut corners on the performance of the contracts to save time and money. Plaintiff alleges that although Defendant did not perform all of the work required under the applicable contracts,

Mark K. Haugen, Honolulu, HI, for Curtiss Hinden.

Defendant submitted claims for full payment certifying that Defendant had performed all of its contractual obligations. Plaintiff alleges that he asked Defendant's local manager, Joseph Smith, to allow him to perform his work in conformance with the contractual specifications. Plaintiff claims that he was instructed to do as he was told and was thereafter subjected to harassment and other retaliatory conduct. Plaintiff further alleges that Defendant continued to cut corners on the work performed at the Oahu work site, so Plaintiff reported the situation to Defendant's management in Oklahoma.

Defendant terminated Plaintiff's employment on or about December 8, 1997. Plaintiff filed his Complaint on February 19, 2002. The Complaint states *qui tam* claims against Defendants under the False Claims Act, 31 U.S.C. 3729, *et seq.*, based on allegations that Defendants committed fraudulent claims practices against the United States. Counts I through IV of the Complaint allege *qui tam* claims against Defendants for various fraudulent claims practices against the United States Government and also include Plaintiff's claim for attorneys' fees and costs under 31 U.S.C. § 3730(d). Count V of the Complaint sets forth Plaintiff's claim for retaliation under 31 U.S.C. § 3730(h).

On June 21, 2004, Defendant entered into a settlement agreement with the Government whereby Defendant agreed to pay $4,100,000.00 to settle the Government's *qui tam* claims. The settlement agreement expressly reserves Plaintiff's claims against Defendant for retaliatory discharge, legal fees and costs under 31 U.S.C. § 3730(h) claim and Plaintiff's claim for attorneys' fees, expenses and costs under 31 U.S.C. § 3730(d).

## II. *Procedural History*

On February 19, 2002, Plaintiff filed his Complaint stating *qui tam* claims against Defendants under the False Claims Act ("FCA") (31 U.S.C. §§ 3729, *et seq.*). As required under 31 U.S.C. § 3730(b)(2), Plaintiff's Complaint was filed under seal and the Government was served to allow the Government to determine whether it would intervene in the case. From April 2002 through June 2004, the Government requested and received eight extensions of time to continue its investigation to determine whether to intervene in the case.

On June 18, 2004, the Government filed a Notice of Election to Intervene. Also on June 18, 2004, this Court ordered that the seal on the Government's Notice of Intervention and Plaintiff's Complaint be lifted.

On June 21, 2004, Defendant agreed to pay $4,100,000.00, of which the Government agreed to pay $779,000 to Plaintiff, to settle the Government's *qui tam* claims set forth in Plaintiff–Complaint. The Settlement Agreement expressly reserves Plaintiff's claim for attorneys' fees and costs under 31 U.S.C. § 3730(d) and his claim against Defendant for retaliatory discharge, legal fees and costs under 31 U.S.C. § 3730(h).

On July 6, 2004, the Government filed a Notice of Written Consent to Dismissal of *Qui Tam* Action With Prejudice in which the Government notified the Court of the written consent of the Attorney General to the dismissal of the *qui tam* action with prejudice, except as to Plaintiff's claim for attorneys' fees and costs under 31 U.S.C. § 3730(d) and his claim against Defendant for retaliatory discharge, legal fees and costs under 31 U.S.C. § 3730(h). On August 2, 2004, this Court Ordered that the *qui tam* action be dismissed as stipulated by the parties.

On October 7, 2004, this Court granted Plaintiff's Ex Parte Motion to Lift Seal and Permit Service of Complaint.

On January 5, 2005, Plaintiff filed a Motion for Default Judgment Against Defendant.

On January 24, 2005, Defendant filed a Memorandum in Opposition to Plaintiff's Motion for Default. Also on January 24, 2005, Defendant filed a Motion to Dismiss Plaintiff–Relator's Complaint.

On February 11, 2005, a hearing was held before Magistrate Judge Barry M. Kurren. At the hearing, Defendant's Counsel agreed to obtain an agreement to accept service for Defendant by February 15, 2005; Plaintiff agreed to make a demand; Defendant agreed to respond; and Plaintiff agreed to provide documents regarding attorneys' fees for a Status Conference on remaining issues set for March 30, 2005.

On February 24, 2005, Plaintiff filed his Opposition to Defendant's Motion to Dismiss.

On February 25, 2005, Magistrate Judge Barry M. Kurren filed an Order Denying Plaintiff's Motion for Default Judgment.

### STANDARD

**II. Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted**

Under the Federal Rules of Civil Procedure, Rule 12(b)(6), in deciding a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the complaint and view them in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Wileman Bros. & Elliott, Inc. v. Giannini,* 909 F.2d 332, 334 (9th Cir.1990); *Shah v. County of Los Angeles,* 797 F.2d 743, 745 (9th Cir.1986). Thus, the Complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. *Conley v. Gibson,*

355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988). A Complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri,* 901 F.2d at 699, *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984).

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.1978), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims. *Id.*

### DISCUSSION

**I. Counts I Through IV**

Counts I through IV of Plaintiff's Complaint allege that Defendant violated the FCA by submitting false claims to the United States Government for payment of services, time, and attendance. (Compl. at ¶¶ 9–43). On June 21, 2004, the parties, including Plaintiff, settled all claims contained in Plaintiff's Complaint, except for his request for attorneys' fees, expenses, and costs under 31 U.S.C. § 3730(d) and his claim for retaliatory discharge, legal fees and costs under 31 U.S.C. § 3730(h). (Settlement Agreement at ¶¶ III.1, III.4, and III.7). On July 6, 2004, the Government filed a Notice of Written Consent to Dismissal of *Qui Tam* Action With Prejudice and notified this Court of the written consent of the Attorney General to the dismissal of the *qui tam* action with preju-

dice, except as to Plaintiff's claims against Defendants for retaliatory discharge and legal fees and costs related to Plaintiff's claim. On August 2, 2004, this Court ordered that the *qui tam* action be dismissed as stipulated by the parties (including Plaintiff).

▮ Plaintiff now requests that his claim under 31 U.S.C. § 3730(d) for attorneys' fees and costs be determined *prior* to the dismissal of Counts I through IV of his Complaint. (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 5). However, Counts I through IV of Plaintiff's Complaint were dismissed with prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure, by this Court's Order dated August 2, 2004. Plaintiff is barred from relitigating these claims by the doctrine of res judicata. "Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *United States ex. rel Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir.1998). In *Barajas*, the United States Court of Appeals for the Ninth Circuit held that a *qui tam* relator was barred from asserting claims under the FCA that concerned the same subject as claims that the Government had already agreed to settle and had been dismissed. *Id.* at 911.

Here Plaintiff seeks not merely to bring causes of action related to those that have been settled but to revive the exact same claims that were dismissed. Counts I through IV of Plaintiff's Complaint were dismissed, with Plaintiff's consent, by this Court's August 2, 2004 Order, and Plaintiff is now barred from relitigating these claims.[1]

## II. Retaliation Claim under 31 U.S.C. § 3730(h)

Count V of Plaintiff's Complaint alleges that he was wrongfully discharged by Defendant and that such discharge violated section 3730(h) of the FCA.[2] (Compl. at ¶ 46). The parties' June 21, 2004 settlement agreement expressly reserved Plaintiff's cause of action under section 3730(h), but the parties now dispute which statute of limitations should apply to the claim. Plaintiff argues that the appropriate statute of limitations for his retaliation claim is the FCA's six-year statute of limitations as provided in 31 U.S.C. § 3731(b)(1). However, Defendant argues that section 3731(b)(1) is inapplicable to retaliation claims brought under section 3730(h). Defendant asserts that the FCA does not provide a statute of limitations for section 3730(h) retaliation claims and that the Court should apply the statute of limitations of the most closely analogous cause of action under Hawaii law.

1. Plaintiff requests that "in the event that Counts I through IV are to be dismissed based upon Defendant Lear Siegler's argument that the claims are barred based upon the settlement agreement dated June 21, 2004, then Plaintiff–Relator should be granted leave to file a First Amended Complaint to proceed on Plaintiff–Relator's remaining claims." (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 6 ¶ 1). The Court is not clear as to what Plaintiff proposes inasmuch as there were only five counts set forth in the Complaint and counts I through IV were dismissed by this Court's Order dated August 2, 2004 and Count V is time barred. Accordingly, there do not ap-

pear to be any counts remaining. If Plaintiff believes that he is entitled to amend his Complaint at this stage, he should file an appropriate motion.

2. Count V of Plaintiff's Complaint alleges a violation of 31 U.S.C. §§ 3729–33, but 31 U.S.C. § 3730(h) is the provision that specifically provides for a retaliation claim under the FCA. Furthermore, the parties filed a joint stipulation of dismissal on July 29, 2004 that dismissed all claims except for Plaintiff's retaliation claim under 31 U.S.C. § 3730(h) and his request for attorneys' fees.

The False Claims Amendment Act of 1986, Pub.L. 99–562, 100 Stat. 3153, added the retaliation claim provision at section 3730(h) and the statute of limitations for false claims provision at section 3731(b). *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 162 F.3d 1027, 1034 (9th Cir.1998). Section 3731(b)(1) of the FCA provides: "A civil action under section 3730 may not be brought—(1) more than 6 years after the date on which the *violation of section 3729 is committed ....*" 31 U.S.C. § 3731(b)(1) (West 2004) (emphasis added). Before 1986, section 3731(b) simply stated that "[a] civil action under section 3730 of this title must be brought within 6 years from the date the violation is committed." 31 U.S.C. § 3731(b)(1) (West 1983).

█ In *Lujan v. Hughes Aircraft Co.*, 162 F.3d at 1034, the United States Court of Appeals for the Ninth Circuit held that when Congress created the retaliation claim under 31 U.S.C. § 3730(h) it "provided no specific statute of limitations for such claims." The plaintiff-relator in *Lujan* urged the court to "read the statute plainly and to apply a six-year statute of limitations to all actions under section 3730, including her retaliation claim ...." *Id.* The court responded, "The answer is not so simple." *Id.* The court explained:

> If Congress had wanted to retain a six-year statute for all actions under section 3730, including retaliation claims, it would have left the pre–1986 language of section 3731(b) intact when it enacted the 1986 amendments to the FCA. Instead Congress while adding a provision for retaliation claims under 3730(h), narrowed the application of the six-year statute of limitations to violations of section 3729. Section 3729 specifically and strictly addresses false claims, not retaliation claims. *Id.* at 1035–35.

The *Lujan* court determined that in enacting the 1986 amendments, Congress was specifically concerned with false claims.

The court also provided excerpts from the legislative history regarding the amendments to support its conclusion that "in amending section 3731(b) so that the limitation runs only from the date of a violation of section 3729, Congress did not intend that the statute apply to section 3730(h)." *Id.* at 1035.

█ Plaintiff urges the Court to adopt the views of the United States Courts of Appeals for the Fourth Circuit and the Seventh Circuit, which have held that a cause of action for retaliation under 31 U.S.C. § 3730(h) *is* governed by the six-year statute of limitations provided in 31 U.S.C. § 3731(b)(1). *See Neal v. Honeywell, Inc.*, 33 F.3d 860 (7th Cir.1994); *United States ex rel. Wilson v. Graham County Soil & Water Conservation Dist.*, 367 F.3d 245 (4th Cir.2004), *cert. granted*, —— U.S. ——, 125 S.Ct. 823, 160 L.Ed.2d 609 (2005). However, "[b]inding authority within this regime cannot be considered and cast aside; it is not merely evidence of what the law is. Rather, caselaw on point *is* the law. If a court must decide an issue governed by a prior opinion that constitutes binding authority, the later court is bound to reach the same result, even if it considers the rule unwise or incorrect." *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir.2001). Moreover, the binding effect of a decision of this Court's court of appeals is not altered by the existence of a circuit split on the relevant issue. *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir.1987) (citations omitted) (stating that district courts are "bound by the law of their own circuit," and "are not to resolve splits between circuits no matter how egregiously in error they may feel their own circuit may be.").

Under governing precedent, Congress did not provide a statute of limitations for retaliation claims brought under section 3730(h) of the FCA. *Lujan*, 162 F.3d at

1035. "The Supreme Court has held that when Congress does not supply an express statute of limitations governing a federal cause of action, then 'Congress intended that the courts apply the most closely analogous statute of limitations under state law.'" *Id.* (quoting *Reed v. United Transportation Union*, 488 U.S. 319, 323, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989)). No court has determined the most closely analogous statute of limitations under Hawaii law.

To determine the most closely analogous statute of limitations under Hawaii law, the Court must first "characterize the essence" of Plaintiff's claim and then "decide which statute provides the most appropriate limiting principle." *Wilson v. Garcia*, 471 U.S. 261, 268, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Other courts that have addressed this issue have held that wrongful discharge from employment is the proper analogue to a section 3730(h) retaliation claim. *See Lujan*, 162 F.3d at 1035 (applying California's one-year statute of limitations applicable to wrongful termination in violation of public policy); *United States ex rel. Ackley v. Int'l Business Machines Corp.*, 110 F.Supp.2d 395, 404 (D.Md.2000) (applying Maryland's general three-year limitations period applicable to torts because Maryland's tort of wrongful discharge was most closely analogous to a section 3730(h) retaliation claim).

"Congress added 31 U.S.C. § 3730(h) to the FCA in 1986 to protect 'whistleblowers,' those who come forward with evidence their employer is defrauding the government, from retaliation by their employer." *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1269 (9th Cir.1996) (citation omitted). Hawaii's Whistleblowers' Protection Act, Hawaii Revised Statutes §§ 378–61, contains a precise analogue to section 3730(h). The Hawaii Whistleblowers' Protection Act protects employees from retaliation by their employer for reporting a violation of law or a government contract. HRS § 378–62. The limitations period for claims under the Whistleblowers' Act was, until April 26, 2002, ninety-days from the alleged violation of the act. The limitations period was extended from ninety-days to two-years, effective April 26, 2002. HRS § 378–63 (2003)(amended by L 2002, c 56, § 3). Alternatively, if the Court were to apply the statute of limitations applicable to claims for wrongful discharge in Hawaii, Plaintiff's claim would be subject to a two-year limitations period. HRS § 657–7; *Ellison v. Northwest Airlines, Inc.*, 938 F.Supp. 1503, 1516 (D.Haw.1996) (claim of retaliatory or wrongful discharge is subject to the statute of limitations in HRS § 657–7); *Linville v. State of Hawaii*, 874 F.Supp. 1095, 1104 (D.Haw.1994). The Court finds that the Hawaii Whistleblowers' Protection Act provides the state cause of action that is most closely analogous to a 31 U.S.C. § 3730(h) claim for retaliatory discharge. Thus, the Court will apply a 90–day statute of limitations to Plaintiff's claim for retaliatory discharge under 31 U.S.C. § 3730(h).

Plaintiff and Defendant agree that Defendant terminated Plaintiff's employment on or about December 8, 1997. *See* (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 2); (Def.'s Mot. to Dismiss at 13); (Settlement Agreement Attached as Ex. A to Def.'s Mot. to Dismiss at ¶ II.G). Plaintiff filed his Complaint alleging retaliatory discharge on February 19, 2002. Thus, Count V of Plaintiff's Complaint is barred by the 90–day statute of limitations. The Court notes that Count V of Plaintiff's Complaint would be time barred irrespective of whether the Court applied the 90–day statute of limitations applicable to claims, that arose before April 2002, brought under Hawaii's Whistleblowers' Protection Act or the two-year statute of limitations applicable to wrongful discharge claims. The Court accordingly

GRANTS Defendant's Motion to Dismiss Count V of Plaintiff's Complaint alleging retaliatory discharge in violation of 31 U.S.C. § 3730(h).

## III. Claim for Attorneys' Fees, Expenses, and Costs Under 31 U.S.C. § 3730(d)

Plaintiff's only remaining claim is for attorneys' fees, expenses, and costs under 31 U.S.C. § 3730(d). Plaintiff requests that the Court set a date for a hearing to determine Plaintiff's costs and attorneys' fees under 31 U.S.C. § 3730(d) *prior* to any dismissal of Counts I through IV. (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 19). Defendant asserts that this Court's August 2, 2004 Order (dismissing Plaintiff's qui tam case with prejudice except for his claim for retaliatory discharge under 31 U.S.C. § 3730(h) and for attorneys' fees, expenses, and costs under 31 U.S.C. § 3730(d)) makes Plaintiff's claim for attorneys' fees ripe under Federal Rule of Civil Procedure 54(d)(2).

Rule 54(d)(2)(A) provides that "[c]laims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial" and subsection (B) further explains that "[u]nless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment . . . ." Local Rule 54.3(a) similarly provides that "[u]nless otherwise provided by statute or ordered

by the court, a motion for an award of attorneys' fees and related non-taxable expenses must be filed within fourteen (14) days of entry of judgment." [3] Because this Court's August 2, 2004 Order preserved Count V of Plaintiff's Complaint (alleging retaliatory discharge under 31 U.S.C. § 3730(h)), the Order did not end the litigation of this matter on the merits and thus resolution of Plaintiff's claim for attorneys' fees was not yet appropriate.[4]

The Court notes that the issue of Plaintiff's claim for attorneys' fees was presented to Magistrate Judge Barry M. Kurren during the February 11, 2005 hearing in which Magistrate Kurren denied Plaintiff's Motion for Entry of Default Judgment. During that hearing, Defendant's counsel agreed to obtain an agreement to accept service for Defendant by February 15, 2005; Plaintiff agreed to make a demand; Defendant agreed to respond; and Plaintiff agreed to provide documents regarding attorneys' fees for a Status Conference on remaining issues set for March 30, 2005. With the filing of the present Order, the entirety of Plaintiff's Complaint will have been decided on the merits. Thus, the Court finds that the remaining issue of Plaintiff's claim for attorneys' fees and costs under 31 U.S.C. § 3730(d) is appropriate for resolution at the Status Conference before Magistrate Kurren set for March 30, 2005.

## CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss because this Court's Au-

---

3. The Court notes that Local Rule 54.3 also requires moving counsel to file a Statement of Consultation and a Memorandum in Support, which contains an itemization of work performed, a description of services rendered, and a description of expenses incurred.

4. Federal Rule of Civil Procedure 54(a) defines judgment to "include[ ] a decree and any order from which an appeal lies." 28 U.S.C.

§ 1291 (2005) grants the United States Courts of Appeals jurisdiction over appeals from all final decisions of the United States District Courts. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178, (1988) (internal quotation and citation omitted).

gust 2, 2004 Order dismissed with prejudice Counts I through IV of Plaintiff's Complaint, the Court finds that Count V of Plaintiff's Complaint is time-barred, and for the forgoing reasons. The Court further finds that Plaintiff's claim for attorneys' fees and costs under 31 U.S.C. § 3730(d) should be addressed at the Status Conference scheduled for March 30, 2005 before Magistrate Kurren.

IT IS SO ORDERED.